IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DEBORAH COONEY,<br><br>         Plaintiff,<br><br>    v.<br><br>THE CALIFORNIA PUBLIC UTILITIES COMMISSION, et al.,<br><br>         Defendants.<br>_____/ | No. C 12-6466 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING CLAIMS AGAINST DEFENDANT SAN DIEGO GAS AND ELECTRIC |

On July 15, 2014, the Court entered an order granting motions to dismiss filed by Defendants the State of California, the California Public Utilities Commission (CPUC), CPUC President Michael Peevey and California Attorney General Kamala Harris (the State Defendants) and Defendant Itron, Inc. In that order, the Court noted that Plaintiff had not filed a certificate of service indicating that she had effectively served Defendant San Diego Gas and Electric (SDG&E). The Court ordered Plaintiff to show cause why her claims against SDG&E should not be dismissed for failure to prosecute pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff responded to the order to show cause, stating her belief that she had properly served SDG&E and filed a second motion for entry of default, Docket No. 57. Plaintiff previously filed a motion for entry of default in December 2013. Docket No. 51. The Clerk of the Court declined to enter default. Docket No.

1  53. SDG&E appeared specially to oppose the motion for entry of
2  default and to reply to the response to the Court's July 15 order
3  to show cause.  SDG&E argues that it has not been properly served
4  and Plaintiff's claims against it should be dismissed for failure
5  to prosecute.  In the alternative, SDG&E argues that Plaintiff's
6  claims against it should be dismissed for the same reasons that
7  the Court dismissed Plaintiff's action against Defendant Itron.

8  Having considered the parties' papers and the record in this
9  case, the Court finds that it need not reach the question of
10 whether SDG&E has been properly served.  The Court finds that,
11 even if SDG&E has been properly served, the claims against it
12 should be dismissed for the same reasons that the Court dismissed
13 Plaintiff's action against Itron.[1]  See Court's July 15 Order
14 dismissing claims against Itron without leave to amend.  The Court
15 finds that Plaintiff's state law claims against SDG&E are barred
16 by California Public Utilities Code § 1759.  Id. at 6-9.  The
17 Court further finds that Plaintiff has failed to state a claim
18 under either the federal prohibitions on human experimentation or
19 the Hazardous Substances Labeling Act, 15 U.S.C. § 1263.  Id. at
20 9-12.

21 As the Court noted in its July 15 order, Plaintiff also
22 alleged that SDG&E fraudulently received federal funds.  In her
23 complaint, Plaintiff alleged that SDG&E violated 18 U.S.C. §§ 371,
24 653, 666, 1001 and 1018 "by making false and fraudulent statements

---

[1] The Court finds that entry of default judgment is precluded by the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).

2

in its Smart Grid Deployment Plan, by which it received Federal matching funds." Complaint ¶ 121.  However, each of the statutory provisions Plaintiff cites is a criminal statute.  Federal criminal statutes generally do not provide a private cause of action or a basis for civil liability.  See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241, 242 provide no private right of action and cannot form basis for civil suit); Pawelek v. Paramount Studios Corp., 571 F. Supp. 1082, 1083 (N.D. Ill. 1983) (no private cause of action inherent in federal criminal statutes defining civil rights violations).  Accordingly, the Court dismisses Plaintiff's claims for violation of 18 U.S.C. §§ 371, 653, 666, 1001 and 1018 for failure to state a claim. Because amendment would be futile, the dismissal is without leave to amend.

CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for entry of default judgment (Docket No. 57) and DISMISSES Plaintiff's claims against SDG&E.

All of Plaintiff's claims have been dismissed with prejudice. Each party shall bear its own costs.  The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated:  9/15/2014

CLAUDIA WILKEN
United States District Judge