IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH COONEY,<br><br>      Plaintiff,<br><br>  v.<br><br>THE CALIFORNIA PUBLIC UTILITIES COMMISSION, et al.,<br><br>      Defendants.<br>_____/ | No. C 12-6466 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO FILE AN AMENDED COMPLAINT<br>(Docket No. 63) |

On July 15, 2014, the Court entered an order granting motions to dismiss filed by Defendants the State of California, the California Public Utilities Commission (CPUC), CPUC President Michael Peevey and California Attorney General Kamala Harris (the State Defendants) and Defendant Itron, Inc. Docket No. 55. On September 15, 2014, the Court entered an order denying Plaintiff Deborah Cooney's motion for default judgment against San Diego Gas and Electric (SDG&E) and dismissing the claims against SDG&E. Docket No. 60. The Court entered judgment. Docket Nos. 61 and 62. Plaintiff has now filed a motion to alter or amend the judgment and for leave to file an amended complaint. The State Defendants, Itron and SDG&E oppose the motion. Having considered the parties' papers and the record in this case, the Court GRANTS PLAINTIFF'S MOTION IN PART and DENIES IT IN PART.

DISCUSSION

Plaintiff moves pursuant to Federal Rules of Civil Procedure 52(a), 59(e), 60(a) and 60(b) to alter or amend the judgment in this case. Plaintiff asserts that (1) the judgment is void due to lack of jurisdiction; (2) the complaint can be amended to state a claim and she should be granted leave to amend the complaint; and (3) she is entitled to relief from the judgment based upon fraud on the Court.

I. Jurisdiction

Plaintiff first argues that the judgment is void because the Court lacked jurisdiction over her state law claims. Accordingly, Plaintiff argues, the Court lacked the authority to dismiss her claims with prejudice.

A. Eleventh Amendment Claims

Plaintiff first correctly notes that her state law claims against Attorney General Harris and CPUC President Peevey were dismissed based on a lack of jurisdiction due to the Eleventh Amendement. "The Eleventh Amendment is a limit on federal courts' jurisdiction." Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) (internal citations omitted). "Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court." Id. (internal quotation marks omitted). Accordingly, Plaintiff argues that the Court should have dismissed the claims without prejudice to filing in state court. The Court GRANTS Plaintiff's motion on this ground and dismisses the claims against Attorney General Harris and CPUC President Peevey without prejudice to filing in state court.

2

B. Claims Barred by California Public Utility Code § 1759

Plaintiff next argues that the Court erred when it dismissed her state law claims against Itron and SDG&E with prejudice. The Court found that those claims were barred by California Public Utility Code § 1759. The Court noted that § 1759 "bars private actions against utilities where the relief granted would undermine a regulatory regime established by the California Public Utility Commission." Docket No. 55 at 7, citing San Diego Gas & Elec. Co. v. Superior Court, 13 Cal. 4th 893, 902-03 (1996). Because § 1759 not only bars federal courts from hearing such cases but instead bars such private actions in any court, there is no other "competent court" in which Plaintiff could bring these claims. Accordingly, the Court did not err when dismissing Plaintiff's state law claims against Itron and SDG&E with prejudice. The Court DENIES Plaintiff's motion on this ground.

II. Federal Rules of Civil Procedure 52 and 15

Plaintiff next argues that "the Complaint can easily be amended to state a claim for relief" and that the Court should reverse its findings pursuant to Federal Rule of Civil Procedure 52 and allow her to amend her complaint. Docket No. 63 at 3. However, as Defendants point out, Federal Rule of Civil Procedure 52 relates to findings of fact and conclusions of law. The Court has made no such findings or conclusions. Accordingly, Rule 52 provides no basis for challenging the Court's judgment in this case. Further, "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened." Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996). Because Plaintiff has provided no basis for

reopening the judgment, the Court need not address her arguments in favor of leave to amend.

III. Fraud Upon the Court

Finally, Plaintiff argues that she is entitled to relief from the judgment "for reasons of both intrinsic and extrinsic fraud upon the Court." Docket No. 63 at 8. However, Plaintiff provides no basis for such a finding. Instead, she asserts that the fact that the Court rejected her arguments in opposition to the motions to dismiss is itself evidence of fraud. This is not sufficient to support a claim of fraud on the court.

CONCLUSION

For the reasons stated above, the Court GRANTS IN PART Plaintiff's motion to alter or amend the judgment. The Clerk of the Court shall enter an amended judgment indicating that Plaintiff's state law claims against Attorney General Harris and CPUC President Peevey are dismissed without prejudice to refiling in state court. The Court DENIES Plaintiff's motion in all other respects.

IT IS SO ORDERED.

Dated:   November 26, 2014

CLAUDIA WILKEN
United States District Judge

4